UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

IMIOLA P.,

              Plaintiff,

    v.

NANCY A. BERRYHILL,
Commissioner of Social Security,

             Defendant.

CASE NO. 3:18-cv-5271 TSZ JRC

REPORT AND RECOMMENDATION
ON PLAINTIFF'S COMPLAINT

NOTING DATE: March 1, 2019

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed. *See* Dkts. 11, 15, and 16.

After considering and reviewing the record, the Court finds that the ALJ improperly discounted the opinion of psychologist Bryan Zolnikov, Ph.D as well as a medical source statement by counselor Maiya Bailey, MA. These errors were not harmless because had the ALJ properly considered assessments by Ms. Bailey and Dr. Zolnikov concerning plaintiff's

limitations in sustaining a work schedule, the ALJ may have included additional limitations in plaintiff's residual functional capacity, and in the hypothetical presented to the vocational expert. Therefore, this Court recommends that this case be reversed and remanded pursuant to sentence four of 42 U.S.C. §405 (g).

## BACKGROUND

Plaintiff, Imiola J.P., was born in 1985 and was 29 years old on the alleged date of disability onset of April 8, 2015. *See* AR. 141, 16. Plaintiff completed 11th grade, and has past work at Target and at a warehouse. AR. 42, 248. Plaintiff testified that she was fired from both positions due to altercations with coworkers. AR. 43-44.

According to the ALJ, plaintiff has at least the severe impairments of schizoaffective disorder, posttraumatic stress disorder ("PTSD"), and right shoulder bursitis and tendinitis. AR. 18. At the time of the hearing, plaintiff was living with roommates. AR. 86.

## PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration. *See* AR. 1. Plaintiff's requested hearing was held before Administrative Law Judge Allen G. Erickson ("the ALJ") on November 29, 2016. *See* AR. 35. On January 12, 2017, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 16-29.

On February 9, 2018, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review. AR. 1; *see*

20 C.F.R. § 404.981. On April 9, 2018, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision. Dkt. 4.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

Plaintiff seeks reversal of the ALJ's decision and requests that the case be remanded for an award of benefits, arguing that the ALJ erred by: (1) giving insufficient weight to the opinion of psychologist Bryan Zolnikov, Ph.D.; (2) giving insufficient weight to the medical source statement of counselor Maiya Bailey, MA; (3) giving insufficient weight to several medical opinions from before the alleged onset date; (4) giving improper weight to the opinions of state agency psychologists Gary L. Nelson, Ph.D., and Thomas Clifford Ph.D.; and (5) improperly discounting evidence of disabling symptoms in plaintiff's treatment record.

**1. Whether the ALJ properly discounted the psychiatric evaluation by Bryan Zolnikov, Ph.D.**

Plaintiff contends the ALJ provided insufficient reasons to give little weight to a March 17, 2016 psychiatric evaluation by examining psychologist Bryan Zolnikov, Ph.D. Dkt. 11, p. 3 (*citing* AR. 539). The Court agrees.

An ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d

821, 830 (9th Cir. 1996) (internal citations omitted). When a treating or examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (internal citations omitted).

In the March 17, 2016 psychiatric evaluation, Dr. Zolnikov diagnosed psychosis with hallucinations, severe PTSD, major depressive disorder, and panic disorder. He assessed marked limitations in (1) performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances without special supervision; (2) communicating and performing effectively in a work setting; (3) maintaining appropriate behavior in a work setting; and (4) completing a normal work day and work week without interruptions from psychologically based symptoms. AR. 539.

The ALJ gave this opinion little weight, noting that

> [I]t is inconsistent with the doctor's essentially unremarkable mental status examination of the claimant. The doctor found she had normal thought process and content, orientation, memory, fund of knowledge, concentration, abstract thought, and insight and judgment. It appears the doctor relied heavily on the claimant's subjective report of symptoms and limitations, which are not fully consistent with the medical evidence and the record as a whole.

AR 26. Even though Dr. Zolnikov's assessment is contradicted by the state agency psychologists, the ALJ's reasons are not sufficiently specific and legitimate to discount Dr. Zolnikov's conclusions. AR. 130. While the ALJ considered plaintiff's mental status examination results "unremarkable," Dr. Zolnikov found in the mental status examination that plaintiff's perception was outside normal limits, noting that plaintiff endorsed auditory and visual hallucinations. AR. 540. Furthermore, the ALJ made no attempt to explain how the normal findings in other areas of

cognitive functioning are inconsistent with the assessed limitations. Although an ALJ may "draw inferences logically flowing from the evidence," *Sample v. Schweiker,* 694 F.2d 639, 642 (9th Cir. 1982) (internal citations omitted), an ALJ may not speculate. *See* SSR 86-8, 1986 SSR LEXIS 15 at *22. Furthermore, judges have been cautioned to resist the temptation to interpret raw medical evidence because lay intuitions about medical phenomena are often wrong. *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990).

Here, the limitations assessed by Dr. Zolnikov primarily concern social limitations and an inability to comply with employer expectations regarding schedule and attendance. *See* AR. 539. It is not evident that these limitations rely on deficits in thought process, content, orientation, memory, fund of knowledge, concentration, abstract thought, insight, and judgment. Thus, normal functioning in these areas is not necessarily inconsistent with the assessed marked limitations. The link is even weaker considering that mental status examinations tend to be performed in a secure environment and devoid of the situational stressors that plaintiff testified prevent her from working. *See, e.g.*, AR. 54. Thus, the alleged inconsistency between plaintiff's mental status examination and the assessed limitations is not a sufficiently specific and legitimate reason to discount Dr. Zolnikov's opinion.

Second, while Dr. Zolnikov assessed several limitations regarding plaintiff's ability to comply with employer expectations regarding schedule and attendance, the ALJ failed to make alternate findings regarding plaintiff's abilities in this area. When rejecting physicians' opinions, the "[t]he ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725. Although the ALJ found Dr. Zolnikov over-relied on plaintiff's subjective statements, the ALJ failed to

advance a legitimate reason for why plaintiff's capabilities exceeded the limitations assessed by Dr. Zolnikov.

Moreover, the state agency psychologists to whom the ALJ gave great weight assessed moderate limitations in completing a normal work day/week. AR. 130, 145. The ALJ did not include these limitations in plaintiff's RFC. *See* AR. 20-21. Therefore, it is uncontradicted that plaintiff would have some impairment to her ability to maintain a schedule, and no such limitation was included in plaintiff's RFC.

Under these circumstances, substantial evidence does not support the ALJ's RFC determination, which contains no limitations regarding plaintiff's ability to complete a normal work day/week. Whenever reviewing an ALJ's error, the court must also evaluate whether that error was harmless. Harmless error occurs when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). As noted, Dr. Zolnikov assessed marked limitations in performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerances without special supervision, and completing a normal work day and work week without interruptions from psychologically based symptoms. AR. 539. These limitations were not included in the ALJ's assessment of plaintiff's residual functional capacity. *See* AR. 20-21. Had the ALJ ascribed greater weight to the limitations assessed by Dr. Zolnikov, the ALJ may have incorporated greater limitations into plaintiff's RFC. In turn, these limitations may have been conveyed to the vocational expert, affecting the ultimate disability determination. Therefore, the ALJ's error was not harmless.

//

//

**II.     Whether the ALJ properly discounted the medical source statement by counselor Maiya Bailey, M.A.**

Plaintiff contends the ALJ provided insufficient reasons to reject the limitations assessed by Counselor Maiya Bailey, MA on October 21, 2016. The Court agrees.

Federal regulations establish a distinction between "acceptable medical sources," such as licensed physicians, and other medical sources, such as nurse practitioners, physician assistants, and therapists. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (citing 20 C.F.R. § 404.1513(a), (d)); Social Security Ruling "SSR" 06-3p, 2006 SSR LEXIS 5 at *4-*5, 2006 WL 2329939. While opinions from other medical sources may be relevant to determining impairment severity, an ALJ may disregard evidence from an "other source," "if the ALJ 'gives reasons germane to each witness for doing so.'" *Turner,* 613 F.3d at 1224 (internal citations omitted).

Ms. Bailey, who is a counselor at Greater Lakes Mental Healthcare, qualifies as an "other source." *See Haagenson v. Colvin*, 656 F. App'x 800, 802 (9th Cir. 2016). In her October 21, 2016 medical source statement, she assessed mild to marked limitations in various categories of mental functioning. AR. 608-610. The ALJ gave her medical source statement little weight because "it is conclusory, providing no explanation of the evidence relied on in forming that opinion . . . . In addition, the opinion is inconsistent with the counselor's essentially unremarkable mental status examinations of the claimant." AR. 27 (citing AR. 693, 711, 723, 734, 736, 744, and 749).

The ALJ's reasons for giving little weight to Ms. Bailey's medical source statement do not suffice because they are not substantiated by the record. The interpretation that Ms. Bailey provided "no explanation of the evidence relied on in forming [her] opinion" is not reasonable in light of the structure of the medical source statement form and Ms. Bailey's comments at the end

of the check box form. Directions at the top of the medical source statement note: "it is essential that your responses and comments be based on your clinical assessment of the individual's current and past mental limitations and not on non-medical factors." AR. 608. Furthermore, Ms. Bailey stated in the comment section of the form, "Please note that this client has received services at Greater Lakes Mental Healthcare for mental health services previous to this episode of care that began on 2/19/2015. I cannot speak to or assess her symptoms from any previous episodes of care." Although the Ninth Circuit has held that an "ALJ may permissibly reject check off reports that do not contain any explanation of the bases of their conclusions," *Molina v. Astrue,* 674 F.d 1104, 1111 (internal quotations omitted), the structure of the medical source statement and Ms. Bailey's comments lead to the conclusion that Ms. Bailey's opinion relied on plaintiff's record of care at Greater Lakes Mental Healthcare. Moreover, the ALJ may not reject a treating provider's opinion as conclusory when it is consistent with the doctor's own treating notes. *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014). Here, the record contains over 150 pages of counselor Bailey's treatment notes, which are not inconsistent with her assessment. *See generally* AR. 611-765.

Second, there is no apparent inconsistency between the limitations assessed by Ms. Bailey and the mental status examinations she performed on plaintiff. Although records of the mental status examinations do not note the same limitations that Ms. Bailey assessed in her medical source statement—i.e. mild to marked limitations in various mental abilities—the cited mental status examinations are not constructed to assess functional limitations. They are check box forms, which provide the opportunity to note the presence of symptomology such as agitation and low energy and whether or not thought processes and psychotic features were within normal limits. *See*, e.g., AR. 693. Although the cited mental status examinations generally

note that plaintiff's appearance/speech, thought process, and psychotic features were within normal limits, various reports note low energy, agitation, anxiety, tangential speech, irritability, and depressed mood. *See* AR. 711, 736, 744, and 749. These raw findings do not show whether or not functional limitations are present, and therefore do not form a proper basis for an ALJ, to disregard an assessment of functional limitations.

In sum, the reasons the ALJ provided to ascribe little weight to Ms. Bailey's medical source statement are not substantiated by the record. Under these circumstances, the ALJ has not provided a reason germane to Ms. Bailey to reject her medical source statement. Therefore, it was error to not ascribe greater weight to the limitations assessed by Ms. Bailey.

The ALJ's error in assessing Ms. Bailey's medical opinion is not harmless. See *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). Ms. Bailey opined that plaintiff has marked limitations in several categories of mental functioning, including (1) ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; and (2) ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. AR. 608-610. These limitations were not included in the ALJ's analysis of plaintiff's RFC. *See* AR. 20-21. Had the ALJ ascribed greater weight to the limitations assessed by Ms. Bailey, the ALJ may have incorporated greater limitations into plaintiff's RFC. In turn, these limitations may have been conveyed to the vocational expert, affecting the ultimate disability determination. Therefore, the ALJ's error was not harmless.

//

//

### III. Plaintiff's remaining arguments.

Plaintiff also alleges that the ALJ erred by giving insufficient weight to several medical opinions from before the alleged onset date; giving improper weight to the opinions of state agency psychologists Gary L. Nelson, Ph.D., and Thomas Clifford Ph.D.; and improperly discounting evidence of disabling symptoms in plaintiff's treatment record. As discussed in sections above, the ALJ erred in his assessment of Dr. Zolnikov's and counselor Bailey's medical opinions. The omission of at least moderate limitations to schedule and punctuality resulted in an incomplete RFC. Therefore, the ALJ should reassess plaintiff's RFC on remand.

On remand, plaintiff will be able to present new evidence and new testimony. *See* Program Operations Manual System (POMS), GN 03106.036 Court Remand Orders, https://secure.ssa.gov/poms.nsf/lnx/0203106036 (last visited February 14, 2019) ("[A] court order vacating the [ALJ's] prior decision and remanding the case to the Commissioner voids the prior decision ... and thus returns the case to the status of a claim "pending" before SSA….The ALJ processes the case in the same way as a regular hearing and issues a decision."); *see also Bartlett v. Berryhill*, 2017 WL 2464117, at *4 (W.D. Wash. June 7, 2017). The ALJ's reconsideration of the medical evidence and any new evidence or testimony may impact his assessment of plaintiff's subjective testimony, which may also lead to additional limitations to plaintiff's RFC. Therefore, on remand, the ALJ must reconsider the record as a whole.

### IV. Remedy.

Lastly, plaintiff requests that the Court remand this case for an award of benefits. Dkt. 11 at 4. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1992). Generally, when the court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the

agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292.

Here, there are factual issues that need to be resolved. As discussed in section one, the ALJ failed to include in the RFC any limitations to plaintiff's ability to maintain a schedule. All psychologists in the record agree that plaintiff has at least moderate limitations in this area. The Social Security Program Operations Manual System ("POMS") describes moderate mental limitations as "fair." POMS DI § 34001.032(F)(2).[1] "Fair" falls between slightly limited (mild) and seriously limited (marked). *Id*. Given the vagueness of these definitions, it is unclear how a moderate limitation to attendance and punctuality will translate as a limitation in the RFC. This determination is a function of the ALJ and the vocational expert, not the District Court. Therefore, remand for further consideration is the appropriate remedy.

## CONCLUSION

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to

---

[1] POMS DI § 34001.032(F)(2) available at https://secure.ssa.gov/poms.nsf/lnx/0434001032, last visited December 19, 2018.

the Acting Commissioner for further consideration.  **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on March 1, 2019, as noted in the caption.

Dated this 14th day of February, 2019.

J. Richard Creatura
United States Magistrate Judge